```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
IMPULSIVE MUSIC, DOROTHY F. RODGERS AND
LAWRENCE B. BUTTENWIESER, EXECUTORS OF
THE ESTATE OF RICHARD RODGERS, DECEASED         08-CV-6293
AND HAMMERSTEIN MUSIC & THEATER COMPANY,
INC., JOINT VENTURES, DOING BUSINESS AS
WILLIAMSON MUSIC COMPANY, WARNER BROTHERS,      DECISION
INC., SONY/ATV HARMONY, BOURNE CO., MUSIC       and ORDER
SALES CORP., EMI MILLS MUSIC, INC., TROUP
LONDON MUSIC, CHAPPELL & CO., INC.,
BROCKMAN MUSIC, BRENDA RICHIE PUBLISHING
AND MARAVILLE MUSIC CORP.,

                            Plaintiffs,

            v.

POMODORO GRILL, INC. and SAMI MINA,

                            Defendants.
_____
```

## **INTRODUCTION**

Plaintiffs, Impulsive Music, Dorothy F. Rodgers and Lawrence B. Buttenwieser, Executors of the Estate of Richard Rodgers, Deceased and Hammerstein Music & Theater Company, Inc., Joint Ventures, doing business as Williamson Music Company, Warner Brothers, Inc., Sony/ATV Harmony, Bourne Co., Music Sales Corp., EMI Mills Music, Inc., Troup London Music, Chappell & Co., Inc., Brockman Music, Brenda Richie Publishing and Maraville Music Corp., ("plaintiffs") bring this action against Pomodoro Grill, Inc. ("Pomodoro Grill") and Sami Mina ("Mina"), the Chief Executive Officer of Pomodoro (collectively "defendants"), alleging violations of copyright infringement and injunctive relief arising out of allegations set forth in the Complaint.

On September 24, 2008, defendants filed a motion pursuant to Rule 12(f) of the Federal Rules of Civil Procedure requesting an order striking paragraphs 14 (a), (b), (c) and (d) from plaintiffs' complaint (the "Complaint"). On October 10, 2008, plaintiffs filed their First Amended Complaint ("FAC") in response to the motion to strike. On the same day, plaintiffs' counsel sent a letter to the Court informing the Court that as a result of the plaintiffs' filing of the FAC, defendants' motion to strike is moot. On October 13, 2008, defendants wrote to the Court in response to the plaintiffs letter. While defendants agreed with plaintiffs that their motion to strike is moot as it pertains to ¶¶14(a) and 14(b) of the FAC, they did not agree that ¶¶14(c) and 14(d) were properly addressed by the FAC. Accordingly, defendants maintained that ¶¶14(c) and 14(d) should still be stricken from the FAC. For the reasons stated below, the defendants' motions to strike ¶¶14(a) and 14(b) of the FAC are moot and defendants' motion to strike ¶14(c) is granted and the motion to strike ¶14(d) is denied.

## **BACKGROUND**

Plaintiffs brings the instant action alleging copyright infringement pursuant to U.S.C. Title 17 based on defendants' alleged public performances of copyrighted musical compositions. See FAC, ¶2. Plaintiffs commenced this action by filing a Complaint on July 2, 2008 seeking relief in the form of statutory damages and

injunctive relief arising out of the allegations set forth in the Complaint. According to the FAC, musical compositions were and are publicly performed at Pomodoro Grill. See FAC, ¶6. In addition, performances of the plaintiffs' copyrighted musical compositions on the dates specified in the FAC at Pomodoro Grill were unauthorized in that neither of the defendants, nor any of the defendants' agents, servants or employees, nor any performer was licensed by, or received permission from any plaintiff to give such performances. See id., ¶13. Moreover, plaintiffs allege that for the period before August 15, 2006, Pomodoro held a license agreement from the American Society of Composers, Authors and Publishers (ASCAP), which was executed by Mina in his capacity as corporate officer of Pomodoro Grill. See ¶14(a).

The license agreement allegedly authorized public performances of the copyrighted musical compositions in the ASCAP repertory at Pomodoro Grill. See id. In return for its license, Pomodoro Grill agreed to pay license fees to ASCAP. See id. According to the FAC, Pomodoro Grill failed to pay license fees pursuant to the license agreement. See ¶14(b). Accordingly, on August 15, 2006, ASCAP terminated the agreement with Pomodoro Grill. See id. Subsequently, ASCAP offered to reinstate Pomodoro Grill's license if Pomodoro Grill would pay the license fees under the terminated license agreement. However, the FAC alleges that Pomodoro Grill rejected

ASCAP's offer. See id. Plaintiffs allege that defendants knowingly and intentionally violated plaintiffs' rights.

Defendants seek to strike ¶¶14(c) and 14(d) of the plaintiffs' FAC on the grounds that they are irrelevant and immaterial as well as impertinent and scandalous. See Defs. Br. at 3. Specifically, defendants contend that ¶14(c) is irrelevant since the action mentioned in that paragraph in terms of its factual history is materially different from this current action. See id. Moreover, defendants claim that ¶14(d) can only be viewed as an effort to "shock and embarrass" Mina and cast him in a bad light as well as cause him prejudice. See id.

## **DISCUSSION**

Defendants move pursuant to Rule 12(f) of the Federal Rules of Civil Procedure to strike ¶¶14(c) and (d) of plaintiffs' FAC. Paragraph 14(c) states:

> "In addition, last year, several copyright owners, also members of ASCAP, brought a virtually identical infringement action against Defendant Sami Mina. That action, WB Music Corp., et al. v. Aladdin's Development Corporation and Sami Mina, Civil Action No. 07-CV-6616 (MAT)(F) (filed December 2, 2007), still pending."

Paragraph 14(d) states:

> "Despite the termination of Pomodoro Grill, Inc.'s license, the filing of the prior action described above, and the numerous letters and contacts by ASCAP representatives informing Defendants of their liability under the

> United States Copyright Law, Defendants have continued to perform copyrighted music without permission during the hours that Defendants' establishment is open to the public for business and presenting musical entertainment."

## Motion to Strike Pursuant to Rule 12(f)

Whether to grant or deny a motion to strike is vested in the trial court's sound discretion. See Hollander v. Amer. Cyanamid Co., 172 F.3d 192, 198 (2d Cir.1999). In resolving motions to strike, court use "a scalpel, not a butcher knife." See Perez v. Volvo Car Corp., 247 F.3d 303, 315 (1st Cir.2001). In other words, the court will strike only those portions that are improper. The party moving to strike bears a heavy burden, as court generally disfavor motions to strike. See Morse v. Weingarten, 777 F.Supp. 312, 319 (S.D.N.Y.1991).

Rule 12(f) provides that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, motions to strike "are generally disfavored and will not be granted unless the matter asserted clearly has no bearing on the issue in dispute." See Smith v. AVSC Intern'l, Inc., 148 F.Supp.2d 302, 317 (S.D.N.Y.2002). Accordingly, "motions to strike, while not favored, may be granted where the allegations challenged have no real bearing on the subject matter or are likely to prejudice the movant." See Red Ball Interior Demolition Corp. v. Palmadessa, 908 F.Supp. 1226, 1241-42

(S.D.N.Y.1995) (citations omitted). Where "[r]etention of the allegation will prejudice the defendant," Murphy v. A.S. Kirkeby, Inc., 9 F.R.D. 725 (S.D.N.Y.1949), or if it "serve[s] no purpose except to inflame the reader," Morse, 777 F.Supp. at 319, then it should be stricken. Thus, "[t]o prevail in such a motion, defendants must demonstrate that (1) no evidence in support of the allegations would be admissible; (2) that the allegations have no bearing on the issues in the case; and (3) that to permit the allegations to stand would result in prejudice to the movant." See Roe v. City of NY, 151 F.Supp.2d 495, 510 (S.D.N.Y.2001) (internal quotation omitted). "Inappropriately hyperbolic allegations, ill-conceived attempts at levity, and other similar manifestations of bad judgment in drafting pleadings, by themselves, fall short of the threshold that Rule 12(f) contemplates." See Saylavee LLC v. Hockler, 228 F.R.D. 425, 426 (D.Conn.2005).

The civil action alleged by plaintiffs in ¶14(c) are not relevant and have no bearing on the issues raised in plaintiffs' FAC. Normally, allegations which supply background or historical material or other matter of an evidentiary nature will not be stricken from the pleadings unless they are unduly prejudicial to the defendant. See LeDuc v. Kentucky Central Life Ins. Co., 814 F.Supp. 820 (N.D.Cal. 1992). A defendant's request to strike irrelevant material from the pleadings should be denied absent a showing that the challenged portion of the pleading has no bearing

on the subject matter of the litigation and that its inclusion would prejudice the defendant. See Giuliano v. Everything Yogurt, Inc., 819 F.Supp. 240 (E.D.N.Y. 1993). I find that the defendants have established that inclusion of ¶14(c) would be prejudicial to the defendants and has no bearing on the current litigation. Thus, the Court orders that ¶14(c) of the FAC is stricken.

Defendants complain that ¶14(d) of the FAC comingles defendant Mina with defendant Pomodoro Grill under the term "defendants," and is prejudicial, impertinent and scandalous. See Def. Br. at 4. Because the allegations in ¶14(a) assert that the license agreement was between Pomodoro Grill and ASCAP, the individual defendant named, Mina may deny the allegation in ¶14(c). However, the Court finds no basis to strike the paragraph. Although the purpose of a motion to strike is not to correct factual inaccuracies within a complaint, plaintiffs are however, ordered to remove the phrase "the filing of the prior action described above," from ¶14(d) so that it is consistent with the Court's ruling in striking ¶14(c).

## **CONCLUSION**

Defendants' motion to strike ¶14(c) is granted. Plaintiffs, however, are ordered to correct ¶14(d) consistent with the Court's ruling above by removing the phrase "the filing of the prior action described above." Plaintiffs shall file their second amended

complaint, in accordance with this decision, no later than **December 23, 2008.** Thereafter, defendants shall file their responsive pleadings in accordance with the Federal Rules of Civil Procedure.

**ALL OF THE ABOVE IS SO ORDERED.**

                                        <u>s/Michael A. Telesca</u>
                                          MICHAEL A. TELESCA
                                    United States District Judge

Dated:    Rochester, New York
            November 19, 2008